IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

N.B.D., a minor child, by and through his
parents and next of friends, M.B. and C.D.
and M.B. and C.D. as individuals,

    Plaintiffs,

vs.                                                                         CV-07-1203 MV/ACT

JAMES CUNNINGHAM, LISA HOWLEY,
MATTHEW ESQUIVEL, GABRIELLA JAMES,
and CHARLIE ANN MARTIN, in their individual
capacities for purposes of civil rights liability
and as public employees for purposes of the New
Mexico Tort Claims Act, and the CITY OF SANTA FE
POLICE DEPARTMENT, and the NEW MEXICO
CHILDREN, YOUTH AND FAMILES DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Remand (Doc. No. 12, filed December 28, 2007). For the reasons stated below, the Court will **GRANT** the Motion. This case is remanded to the First Judicial District Court, County of Santa Fe, New Mexico.

**Factual Background**

Plaintiff N.B.D. was five-years-old when a City of Santa Fe Police detective, two employees of New Mexico Children, Youth and Families Department ("CYFD"), and four armed officers, accompanied by two emergency medical technicians, removed N.B.D. from his kindergarten classroom in front of his teachers, school staff, and peers. (Doc. No. 1-2 at ¶¶ 8, 44, filed November 28, 2007, "Complaint"). N.B.D. was confined to a stretcher, taken to an

ambulance, and involuntarily committed to a psychiatric hospital, without notice to his parents and treating psychiatrist (*Id.* at ¶¶ 45, 66).

**Procedural Background**

Plaintiffs filed a Complaint in the First Judicial District Court, Santa Fe County, New Mexico on October 22, 2007. Plaintiff N.B.D. and his parents allege the following claims: (1) violation of substantive and procedural due process of rights; (2) violation of First Amendment right to freedom of association; (3) violation of Fourth Amendment right to be free from unreasonable search and seizure; (4) various torts under the New Mexico Tort Claims Act regarding law enforcement officers; and (5) various torts under the New Mexico Tort Claims Act regarding health care service providers. (Complaint, ¶¶ 91-145).

Defendants Cunningham, Howley, Esquivel, and James are employees of Defendant CYFD. (Complaint, ¶¶ 10-13). Defendant Martin is a detective for Defendant Santa Fe City Police Department. (*Id.*, ¶¶ 14, 16). Plaintiffs are suing Defendants Cunningham, Howley, Esquivel, James, and Martin in their individual capacities for purposes of civil rights liability and in their official capacities as public employees for the purposes of the New Mexico Tort Claims Act.

Plaintiffs served a copy of the Summons and Complaint on Defendants Martin and the Santa Fe Police Department on October 30, 2007. (Doc. No. 6 at 2, filed December 10, 2007). On November 26, 2007, Plaintiffs served a copy of the Summons and Complaint on Defendants Howley, Esquivel, James, and CYFD. (*Id.* at 2). On November 28, 2007, Defendants Martin and the City of Santa Fe Police Department filed a Notice of Removal. (Doc. No. 1).

Plaintiffs filed the Motion to Remand now before the Court on December 28, 2008 on the ground that the Notice of Removal is procedurally defective. *See* Doc. No. 12.

**Removal and Remand**

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C.§ 1446(b). All then served, properly joined defendants must join the removal petition. *See Wisc. Dep't of Corr. v. Schacht,* 524 U.S. 381, 393 (1998) (Kennedy, J., concurring) ("Removal requires the consent of all of the defendants."); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) (the general removal rule under 28 U.S.C. § 1441 and § 1446 requires all defendants to join in the removal petition).

Plaintiffs seek remand to State Court on the grounds that the Notice of Removal was procedurally defective because not all of the then served Defendants consented to removal. (Doc. No. 12 at 6). Defendants Martin and Santa Fe City Police Department filed Notice of Removal on November 28, 2007. (Doc. No. 1)  Plaintiffs already had served Defendants Howley, Esquivel, and James, who had not joined or consented to removal. (Doc. No. 6 at 2, filed December 10, 2007).  Plaintiffs argue that the Notice is procedurally defective and the case must be remanded. *See Kennedy v. Lubar*, 273 F.3d 1293, 1297 (10th Cir. 2001) ("Section 1447(c) specifically allows district courts to order remand if there has been a 'defect in removal

3

procedure'"); Cornwall *v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981) ("A co-defendant . . . did not join in the petition for removal and the petition was thus procedurally defective.")

Defendants argue that they did not need the consent of Defendants Howley, Esquivel, and James because Defendants Howley, Esquivel, and James had not been properly served. (Doc. No. 15 at 2 filed January 1, 2008 "Response"). Plaintiffs sued Defendants in their official capacities as CYFD employees. (Complaint at ¶¶ 120-128). To sue a defendant in his or her official capacity, a plaintiff must also serve a copy of the Summons and Complaint on the attorney general. *See* New Mexico Rule 1-004(H) ("Service may be made upon the State of New Mexico or a political subdivision of the state . . . in any action in which an officer, official or employee of the state or one of its branches, agencies, bureaus, departments, commissions or institutions is named a party defendant, by delivering a copy of the process to the officer, official or employee and to the attorney general."). Defendants contend that Plaintiffs failed to serve the attorney general and, therefore, did not properly serve Defendants Martin, Howley, Esquivel, and James in their official capacities. (Response at 4). Consequently, Defendants argue, Defendants Howley, Esquivel, and James did not have to consent to the removal. (*Id.* at 5-10). The Court disagrees.

Plaintiffs sued Defendants Martin, Howley, Esquivel, and James in both their official and individual capacities. *See Johnson v. Board of County Comm'rs for County of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) ("Personal or individual capacity suits 'seek to impose personal liability upon a government official for actions he takes under color of state law,' while an official capacity suit is 'only another way of pleading an action against an entity of which an officer is an agent.'"). "When a government official is

sued in his official and individual capacities for acts performed in each capacity, those acts are treated as the transactions of two different legal personages." *Id.* (quoting *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 543 n. 6 (1996)).  The fact that Defendants were not properly served in their official capacities is irrelevant as the Defendants in their official capacities are viewed as a separate "legal personages."  Defendants Howley, Esquivel, and James were properly served in their individual capacities and, therefore, should have consented to the Notice of Removal for the removal to be proper.  The removal was procedurally defective because Defendants Howley, Esquivel, and James, in their individual capacities, did not join in the removal.  The Court will, therefore, remand the case the First Judicial District Court, County of Santa Fe, New Mexico.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Motion to Remand (Doc. No. 12, filed December 28, 2007) is **GRANTED**.  This matter is **REMANDED** to the First Judicial District Court, County of Santa Fe, New Mexico.

Dated this 22nd day of September, 2008.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiffs:*

Debra D. Poulin
440 Cerrillos Road, Suite 4
Santa Fe, NM 87501

Diane M. Garrity
P.O. Drawer 8177
Santa Fe, NM 87505

Nancy L. Simmons
120 Girard SE
Albuquerque, NM 87106

*Attorneys for Defendants Cunningham, Howley, Esquivel, James and New Mexico Children, Youth and Families Department:*

Timothy V. Flynn-O'Brien
817 Gold Avenue SW
Albuquerque, NM 87102-3014

*Attorneys for Defendants Martin and City of Santa Fe Police Department:*

Regina Y. York
Robyn B. Hoffman
Stephen G French
500 Marquette Ave NW, Suite 500
Albuquerque, NM 87102